■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. ARNOLD SCHILDHAUS, Appellant.— Judgment of conviction unanimously reversed on the facts and the law and in the exercise of discretion, and case remanded to the Court of Special Sessions for a new trial. Defendant was convicted on an information charging violations of the Multiple Dwelling Law. The information charged 10 respects in which it is stated the building was improperly maintained. The statute (Multiple Dwelling Law, § 304) provides that a violation of any of its provisions shall be punishable by a fine not exceeding $500 or by imprisonment not exceeding 30 days; and for a second offense arising from the failure to remove the violation, by a fine not exceeding $1,000 or by imprisonment not exceeding six months. Defendant was sentenced to 60 days. This sentence is illegal. It is not claimed that there was any prior offense. The claim is that each separate specification of improper maintenance constitutes a separate crime and that a sentence of 30 days can be imposed for each — so that if the plaster in a wall is cracked in four places, or if the stair rails are defective on three stairways, a sentence of 30 days may be imposed for each. We do not read the statute that way. The information is a single charge of neglect consisting of many violations, and only the penalty for a first violation can be imposed (*People ex rel. Bloom* v. *Collins,* 194 Misc. 362, revd. on other grounds 277 App. Div. 21, affd. 302 N. Y. 603). Rather than correct the sentence, we believe a new trial is indicated. The record is in an unsatisfactory condition. Certain papers have been lost, among them the minutes of the sentence. While the absence of a document from the record does not always necessitate a new trial in a criminal case, the situation here, combined with other factors, indicates that this would be the preferable procedure. Moreover, the situation is one where a bill of particulars would be appropriate to enable defendant to meet the charges. Provision for a new trial would enable defendant, if he sees fit, to apply for such relief. We have examined the other specifications of error and find them without merit. Concur — Breitel, J. P., Valente, Stevens, Eager and Steuer, JJ.